STATE, *ex rel.* BONNIE VOGEL, v. L. F. CHAPMAN. Superintendent of State Prison Farm, etc.

170 So. 842.
Opinion Filed December 10, 1936.

*McCord & Collins, Guyte P. McCord, Van C. Swearingen,* and *I. J. A. Renno,* for Petitioner;

*Cary D. Landis,* Attorney General and *Roy Campbell,* Assistant Attorney General, for Respondent.

BUFORD, J.—In the year 1935 Bonnie Vogel was convicted in the Criminal Court of Record in Dade County, Florida, and sentenced to serve a term in the State Prison at Raiford, Florida. She took writ of error to the judgment and on the 28th day of May, 1936, this Court reversed the judgment of the lower court and the cause was remanded for new trial.

In July, 1936, Bonnie Vogel, having been committed to the State Prison Farm at Raiford, Florida, prior to suing out the writ of error, was still confined at the State Prison Farm at Raiford and filed a petition here for writ of habeas corpus, charging that she was unlawfully restrained of her liberty in State Prison.

On September 11th, this Court denied the writ of habeas corpus, without prejudice, however, to the petitioner applying to the Circuit Court of Dade County for an order for her return to Dade County for trial.

The record shows that there has been no effort made to return Bonnie Vogel from the State Prison Farm to Dade County for a new trial under the charge pending there against her, but, with entire disregard to her legal rights and in disregard of the judgment of this Court reversing the trial court, she has been required to continue to serve the sentence which was not legally imposed upon her in the State Prison Farm at Raiford, Florida, and she has now filed a new petition for writ of habeas corpus and the writ has been issued and served and the return has been made.

When this Court entered its judgment reversing the judgment of conviction in the case of Bonnie Vogel against the State of Florida it became and was the duty of the State Prison officials to immediately return Bonnie Vogel from the State Prison Farm to the custody of the Sheriff of Dade County, Florida, there to be dealt with according to law. It also became the duty of the Court officials of the Criminal Court of Record of Dade County, Florida, to either discharge Bonnie Vogel from custody or to give her a speedy and public trial on the charge pending against her. See Griswold v. State, 77 Fla. 505, 82 Sou. 44; Sec. 6070, R. G. S., 8375 C. G. L.; 6077 R. G. S., 8382 C. G. L.

It is now the judgment of this Court that the said Bonnie Vogel should be immediately and forthwith delivered by the Respondent, L. F. Chapman, Superintendent of the State Prison Farm at Raiford, Florida, to the custody of D. C. Coleman, Sheriff of Dade County, Florida, at the common jail of Dade County, Florida, and that thereupon the said Bonnie Vogel shall be discharged upon entering into a good and sufficient appearance bond in the sum of Five Hundred ($500.00) Dollars to be approved by the Clerk of the Criminal Court of Record of Dade County, Florida, conditioned upon her appearance at the next regular term of Criminal Court of Record, of Dade County, Florida, and from term to term until discharged.

It is so ordered.

WHITFIELD, C. J., and ELLIS, BROWN, and DAVIS, J. J., concur.